# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL MASELLO )<br>955 W. Saint Clair Ave., Apt. 1201 )<br>Cleveland, Ohio 44113 )<br> )<br>         Plaintiff, )<br> )<br>vs. )<br> )<br>EMBRACE PET INSURANCE )<br>AGENCY, LLC )<br>23625 Commerce Park, Suite 150 )<br>Beachwood, Ohio 44122 )<br> )<br>         Defendant. ) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## PARTIES AND JURISDICTION

1.      This action is brought by Plaintiff Michael Masello ("Masello") to recover: A) overtime wages earned by him and owed to him by his former employer pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Wage Fair Standards Act ("OMFWSA"), O.R.C. §§ 4111.01 *et seq.*; and B) damages for breach of contract resulting from Defendant's failure to pay certain performance bonuses and a "Long Term Incentive Plan" bonus that it promised to Plaintiff in exchange for his labor.

2.      Plaintiff is a United States citizen and resides in Cuyahoga County, Ohio.

3.      At all relevant times, Plaintiff was employed by Defendant at its offices in Mayfield Village and Beachwood, Ohio.  At all relevant times, Plaintiff was an

employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3), and was engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

4.     Defendant Embrace Pet Insurance ("Embrace") is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio.  Embrace is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and is an employer as that term is defined in R.C. 4111.03(D)(2); is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5.      The Court has jurisdiction over Masello's claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367.  Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391 because all or part of the events giving rise to Masello's claims occurred here.

## FACTUAL BACKGROUND

6.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

7.     Defendant is in the business of selling insurance policies relating to animals kept as pets, and does a significant part of its business over the internet.

8.     Plaintiff was employed by Defendant from December of 2009 until April of 2013.

2

9.      Plaintiff and Defendant agreed that in exchange for Plaintiff's labor, Defendant would pay Plaintiff an annual salary plus an annual bonus ("performance bonus") for any year in which Defendant increased its internet sales over the company's 2009 internet sales, with each year's performance bonus payment to be tied to the increase over 2009 internet sales according to an agreed upon schedule.  *See* Letter from Laura Bennett, Embrace CEO and co-founder, to Michael Masello (Nov. 16, 2009), attached as **Exhibit A**.

10.     Defendant's internet sales increased over 2009 levels in one or more of the years in which Masello was employed by Defendant, thus entitling Masello to a performance bonus in each such year.

11.     Plaintiff was never paid a performance bonus by Defendant for any year of his employment with Defendant, despite that he was entitled to such payments pursuant to the parties' agreement.

12.     Plaintiff and Defendant further agreed that in exchange for Plaintiff's labor, and in addition to the aforementioned annual salary and bonus, that Defendant would pay Plaintiff an additional bonus, pursuant to a Long Term Incentive Plan ("LTIP") that entitled Plaintiff to a share in Embrace's profits should certain events occur ("LTIP bonus").

13.     Pursuant to the LTIP, the parties agreed that Masello would "share in the company's success" according to an agreed upon "Distribution Formula," with the distribution of the profit share (the LTIP bonus) to be triggered in the event that Embrace was terminated as a Company, or in the event of "the sale or other disposition

3

of all or substantially all" of Embrace or certain of its assets.  *See* Operating Agreement of Embrace Staff LTIP, LLC Dated: September 15 2009, attached as **Exhibit B**; Letter from Laura Bennett, Embrace CEO and co-founder, to Michael Masello (Nov. 13, 2009), attached as **Exhibit C**.

14.     Prior to Defendant's termination of Plaintiff's employment, Plaintiff's entitlement to distribution of his profit share (the LTIP bonus) was triggered by "the sale or other disposition of all or substantially all" of Embrace or certain of its assets, such "sale or other disposition" relating to the sale of Embrace to a company called Beauvest.

15.     Plaintiff was never paid the LTIP bonus by Defendant, despite that he was entitled to such payment pursuant to the parties' agreement.

16.     Plaintiff frequently worked over forty (40) hours per workweek.

17.     Plaintiff was not paid overtime for any hours he worked over forty (40) in a workweek in the manner and methods provided in, and subject to, the exemptions in 29 U.S.C. §§ 207, 213, as required by the FLSA.

18.     Embrace failed to make, keep, and preserve records of the hours worked by Plaintiff.

19.     As a result of Embrace's record-keeping practices, the work performed by Plaintiff is unrecorded in Embrace's time and earnings records.

20.     Embrace knowingly and wilfully failed to pay Plaintiff overtime wages during his employment.

## COUNT ONE
### (Violation of the Fair Labor Standards Act)

21.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

22.     Embrace's practice and policy of not paying Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours in a workweek violated the provisions of the FLSA, 29 U.S.C. §§ 201-219.

23.     Embrace's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the provisions of the FLSA, 29 C.F.R. § 516.2.

24.     By engaging in the above-mentioned activities Embrace willfully, knowingly and/or recklessly violated the provisions of the FLSA.

25.     As a result of Embrace's practices and policies, Plaintiff has been damaged in that he has not received wages due him pursuant to the FLSA.

26.     Because Embrace violated the provisions of the FLSA as set forth above, Embrace is liable to Plaintiff for overtime pay at the rate of one and one half times his hourly rate for each hour worked in excess of forty hours per workweek for the three-year period immediately preceding the filing of this lawsuit, liquidated damages, attorneys' fees, and costs of suit.

## COUNT TWO
**(Ohio Minimum Fair Wage Standards Act Violations)**

27.      Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

28.      By failing to pay Masello at least minimum wage and overtime compensation, as alleged above, Defendant willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

29.      Pursuant to the OMFWSA, Defendant is liable to Masello for overtime pay at the rate of one and one half times the applicable wage rate for each hour worked in excess of forty (40) hours per workweek, liquidated damages and/or treble damages, attorneys' fees, and costs of suit.

## COUNT THREE
**(Breach of Contract – Performance Bonus)**

30.      Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

31.      Plaintiff and Defendant mutually consented to the agreements and obligations undertaken by them as stated herein, thus forming a contract between the parties.

32.      Defendant's failure to pay the earned performance bonuses to Plaintiff constitutes a material breach of the contract between the parties that violates terms essential to the purpose of the contract.

33.      At all times Plaintiff has acted in good faith and has substantially performed his duties under his contract with Defendant.

6

34.     Plaintiff has suffered damages as a result of Defendant's breach.

## COUNT FOUR
### (Breach of Contract – LTIP Bonus)

35.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

36.     Plaintiff and Defendant mutually consented to the agreements and obligations undertaken by them as stated herein, thus forming a contract between the parties.

37.     Defendant's failure to pay the LTIP bonus to Plaintiff constitutes a material breach of the contract between the parties that violates terms essential to the purpose of the contract.

38.     At all times Plaintiff has acted in good faith and has substantially performed his duties under the contract.

39.     Plaintiff has suffered damages as a result of Defendant's breach.

## CONCLUSION

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in an amount which will fully, fairly, and justly compensate him for his damage and loss, for liquidated damages, pre- and post-judgment interest at the statutory rate, for attorneys' fees, expenses and costs of suit, and for such other relief as the Court deems just.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

/s/ Peter Pattakos
JASON R. BRISTOL (0072989)
PETER PATTAKOS (0082884)
JOSHUA B. FUCHS (0087066)
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 781-7956 (Telephone)
(216) 781-8061 (Facsimile)
jbristol@crklaw.com
ppattakos@crklaw.com
jfuchs@crklaw.com
*Attorneys for Plaintiff Michael Masello*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

/s/ Peter Pattakos
*Attorney for Plaintiff*

8